*447 OPINION of the Court, by
Judge LogaN.
These are cross appeals from a decree of the circuit court for Green county, upon the following case :
Without a Special agree-flient, a locator of land cannot demand for hia íeryices a part of the land located. but he is entitled to a realonable com. peniation in money for his fervices and ex. penfes in locating, luiveyirg and pa.tiring the land ; and unril iuch com. peniation is made the owner of the land is not entitled to a decree.
In the year 1783, James Bell, the complainant, put into the hands of his brother Thomas Bell two; land office treasury warrants, with directions to deliver them to William Patton, their acquaintance and friend, for the purpose of location on the western waters. Those warrants were received by Patton, but not without some reluctance and hesitation, because he knew of no vacant land upon which to locate them. But Thomas Bell stating that he was not authorised to place the warrants in the care of any other person, Patton received them, for the purpose, as lie says, of locating or otherwise disposing of them as to him should seem best; and having kept them for about 16 months, without being able to locate said warrants, sold them to William Barnett for 18s. a sum which is proved to have been about the usual selling price of warrants at that period. And Barnett having sold and assigned over parts of those warrants, by virtue whereof 500 acres have been entered, surveyed and carried into grant; that is to say, 200 acres in the name of John Phelps, and 300 acres in the name of Andrew Barnett; Bell exhibited his bill to recover sf.il lands, and having obtained a decree for one half thereof, belli Bell and Andrew Barnett have appealed to this court.
The first question arising in this cause is, whether Bell was-entitled to any part of the land ? And 2ndly, if he were, to what proportion was he entitled ?
'Whether Beilis entitled to a recovery of any part.of the land, depends upon Patton’s authority to sell the warrants. It will appear not important to determine upon his power to sell them without authority in writing, since we are satisfied from the evidence that not even authority by pa?-ol was given. Thomas Bell proves that no such power was expressed from James Bell : that the warrants were sent by him for the purpose of location ; that lie was not authorised to deliver to any other person than Patton ; and that he told Patton if he could not locate them himself, to procure it to be done by some other person ; and that they must do the best they could. Tisis evidence is supported by the testimony of others who had some knowledge of the transaction, and understood that the warrants were left for the purpose of location, and not for sale.
As there is no proof, then, that James Bell had given permission to sell the warrants, Patton’s sale was unau- *449 thorised; and the right of property remained in Bell, hot withstanding the sale. The warrants were in the name of Bell; they had not been assigned, and of this fact the purchasers were apprised. The power, therefore, to make the assignment was presented to their inquiry, and at their peril they have made the purchase. Though we have no doubt each acted free from fraudulent motives, and under the impression that Patton possessed the power to sell ; and that Patton himself was doing what he supposed was the best he could do with the warrants. But the question turns not upon his disposition to do right, but upon the power from Bell to sell the warrants. This power does not appear to have been given. And We are therefore of opinion that the right of property continued in Bell, and through the warrants attached to the land.
It remains next to inquire as to the proportion of the land to which Bell was entitled ?
It is not pretended by the defendants that the land was located or carried into grant upon a contract for a part thereof as the consideration for such services. And without an agreement or understanding between the parties to that effect, or between Patton and the locator, as Patton in this respect seems to have been au-thorised to make such an agreement, itis not competent for the court to decree any part for those services, as has been decided by this court in the cases of Patrick vs. Woods, 1 vol. 223, and Roberts vs. Wilson. 2 vol. 597.
But for locating, surveying and carrying the claims into grant, those persons were clearly entitled to remuneration from the proprietors ; but without some special contract to the contrary, that remuneration must be in the legal currency of the country. And before the complainant should be permitted to recover the land itself, he ought in the first place to do equity to the defendants, by the payment of such sums for locating, surveying and patenting the lands, as may be found to have been usual and customary for like services at the time those services were rendered.
The decree of the court below must be reversed with costs in favor of Bell; the cause remanded for a decree to be rendered agreeable to the foregoing opinion, and for such other orders and decrees as may be consistent with equity.